# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL FOREST ) <br> PRODUCTS, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | CIV-F-08-0825 AWI DLB <br><br> ORDER RE: DEFAULT JUDGMENT |

## I. History

A number of affiliated entities, including Old Ladder Co. (DE), Inc. (f/k/a Werner Holding Co. (DE), Inc.) filed for chapter 11 bankruptcy on June 12, 2006. Plaintiff is the litigation designee who is working on behalf of the estate of the debtor. Plaintiff alleges that Old Ladder paid Defendant International Forest Products, Inc. a total of $9,487.68 in four payments made between April 5, 2006 and June 5, 2006. On June 11, 2008, Plaintiff filed this suit to have those payments avoided as preferential transfers under 11 U.S.C. §547(b) and then recovered for the benefit of the estate under 11 U.S.C. §550(a). Defendant has not answered the complaint or otherwise made appearance in this case. Plaintiff sought and was granted an entry of default on December 8, 2008. Plaintiff has made a motion for default judgment. The motion is based on the complaint and other documents filed in the docket. The hearing on the matter was held on July 6, 2009. Defendant has filed no opposition to the motion and made no appearance at the

hearing.

## II. Legal Standards

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Proc. 55(a).  After the entry of default, a court has the discretion to enter a default judgment against any party that is not an unrepresented infant, incompetent person, or military servicemember. Fed. R. Civ. Proc. 55(b)(2); 50 U.S.C. appx. §521.  A plaintiff seeking default judgment is required to state a claim upon which he may recover. Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  Well pleaded factual allegations relating to liability will be taken as true; they are deemed admitted by defendant at the time of entry of default. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. Discussion

Kurt Blagen, President of International Forest Products, Inc., was personally served with the summons and complaint on September 15, 2008. Doc. 10.  Plaintiff has moved for default judgment without giving notice to Defendant.  Under Fed. R. Civ. Proc. 55(b)(2), "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing."  The court can find no record or indication that Defendant has made any kind of contact in relation to this case so notice is not required.  Plaintiff also asserts that Defendant is a California corporation, not a minor, incompetent person, or military servicemember. Doc. 16,

at 4:18-22.

The complaint lists two causes of action: avoidance of preferential transfers under 11 U.S.C. §547(b) and recovery of that money under 11 U.S.C. §550(a).

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made (A) on or within 90 days before the date of the filing of the petition...and
> (5) that enables such creditor to receive more than such creditor would receive if
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b). "For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. §547(f). "Except as otherwise provided in this section, to the extent that a transfer is avoided under section...547...the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a).

The Ninth Circuit has restated the requirements of Section 547(b) as "Thus, for the trustee to establish a voidable preference he must prove each of the following seven conditions: (1) a transfer (2) of the debtor's property (3) to or for the benefit of a creditor (4) for or on account of an antecedent debt (5) made while the debtor was insolvent (6) within 90 days of the filing of the petition in bankruptcy (7) that enables the creditor to receive more than he would under a Chapter 7 liquidation." United States v. Daniel, 887 F.2d 981, 984 (9th Cir. 1989). Plaintiff has plead each of those seven requirements in paragraphs 17 through 22 of the complaint. Doc. 1, at 4:-5. Plaintiff also attaches an accounting of the payments made to Defendant over the period April 5 to June 5, 2006 totaling $9,487.68. Doc. 1, Ex. A. These allegations are sufficient to state a claim against Defendant under bankruptcy law and to set the amount of damages. See Scient, Inc. v. AFCO, 2007 Bankr. LEXIS 634, *3-5 (Bankr. S.D.N.Y. Feb. 22, 2007) (in a case with a largely identical complaint, default judgment was granted then

vacated due to excusable neglect);  Cohen v. Stokes Elec. Supply, 2004 U.S. Dist. LEXIS 19170, *13-15 (D. Del. Sept. 21, 2004) (largely identical complaint survives a motion to dismiss). Plaintiff is authorized to recover that sum under Section 550 as Defendant is the initial transferee. The case law on this matter is clear that default judgment is warranted.

### IV. Order

Plaintiff's motion for default judgment is GRANTED.  The Clerk is directed to enter judgment in favor of Plaintiff Old Ladder Litigation Co., LLC against Defendant International Forest Products, Inc. in the amount of $9,487.68.

IT IS SO ORDERED.

**Dated:    July 6, 2009**              /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE